IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-676-D

FURTHER FESTIVALS, LLC, )
d/b/a Voices of America Country )
Music Festival, )
 )
              Plaintiff, )
 )
    v. )      **ORDER**
 )
ETIX, INC., )
 )
             Defendant. )

On November 22, 2023, Further Festivals, LLC ("Further Festivals" or "plaintiff") filed a complaint against Etix, Inc. ("Etix" or "defendant") asserting claims under North Carolina law for negligence, unfair and deceptive trade practices, fraudulent inducement to enter into a contract, breach of contract, and fraudulent inducement to remain in a contract [D.E. 1]. On January 25, 2024, Etix moved to dismiss Further Festivals's complaint for failure to state a claim upon which relief may be granted [D.E. 12] and filed a memorandum in support [D.E. 13]. See Fed. R. Civ. P. 12(b)(6). On February 15, 2024, Further Festivals responded in opposition [D.E. 15]. On February 29, 2024, Etix replied [D.E. 16]. As explained below, the court grants in part and denies in part Etix's motion to dismiss and dismisses Further Festivals's fraudulent inducement, negligence, and UDTPA claims.

I.

Further Festivals organizes the Voices of America Country Music Festival ("VOA"). See Compl. [D.E. 1] ¶ 12. Tyler Wogenstahl ("Wogenstahl") served as president of Further Festivals at all relevant times. See id. at ¶ 21. Etix provides event ticketing and marketing services. See

id. at ¶ 13. At all relevant times, Michael Reklis ("Reklis") served as Etix's Director of Sales for Music Venues, and Alex Garza ("Garza") served as Etix's Sales Director. See id. at ¶¶ 19–20.

Etix marketed itself as a "total ticketing and marketing partner" with the "best customer support team in the industry." Id. at ¶ 22. Etix promised "[o]ptimized mobile ticketing" to "make purchase, transfer, and entry simple." Id. at ¶ 23. Etix took "pride in [its] first-class customer support" and claimed it had "unbeatable customer service." Id. at ¶ 24.

Further Festivals alleges it relied on Etix's statements and "agreed to retain Etix to provide ticketing and marketing services" for the 2023 and 2024 VOA. Id. at ¶ 28. On August 2, 2022, Further Festivals and Etix entered into the Ticketing Services Agreement ("Agreement"). See id. at ¶ 34. Etix agreed to create a website that would market tickets and parking passes for sale, to receive money from those sales, to send the purchased tickets and parking passes to the customers, and to send a portion of the revenue to Further Festivals. See id. at ¶¶ 30, 36. Further Festivals agreed to pay the per-unit purchase prices for Etix's products and monthly service charges for certain Etix products and services. See id. at ¶ 31.

Etix hired Weldon, Williams, & Lick, Inc. ("WWL") to distribute VOA tickets and parking passes. See id. at ¶ 48. Etix provided WWL with distribution lists. See id. at ¶ 49. Etix committed two errors when it created the WWL distribution lists. See id. at ¶ 54. First, Etix offered customers the option to pay for their purchase through a payment plan which consisted of four installment payments. See id. at ¶ 56. In Etix's first distribution list for WWL, Etix included tickets that corresponded to each installment payment instead of each individual customer, "effectively quadrupling the number of orders for those who enrolled in a payment plan." Id. at ¶ 57. Second, in a later distribution list for WWL, Etix used incorrect date ranges for ticket and parking pass purchases compared to its first distribution list, "causing duplicate tickets to be issued." Id. at ¶

2

59. Thus, WWL fulfilled some orders twice. See id. at ¶¶ 60–61. In total, Etix directed the distribution of 5,139 duplicate 2023 VOA tickets and 1,857 duplicate parking passes. See id. at ¶¶ 62–64. Etix also failed to send purchased tickets and parking passes to some customers. See id. at ¶ 65. The face value of the duplicate tickets and parking passes totaled at least $1,463,571. See id. at ¶ 78.

Etix admitted its errors. See id. at ¶¶ 68–69. The duplicate tickets and parking passes caused Etix to switch to digital tickets, which caused customer confusion as news outlets reported that the physical tickets may not work. See id. at ¶¶ 71–74. Further Festivals alleges Etix's errors caused Further Festivals to undertake "extensive, otherwise-unnecessary work" and damaged "expected week-of ticket sales" and Further Festivals's goodwill and reputation. Id. at ¶¶ 73–77; see id. at ¶¶ 79–85.

Reklis and other Etix employees repeatedly assured Further Festivals that Etix would "make things right" after the 2023 VOA. Id. at ¶ 87. On September 25, 2023, Reklis and Garza proposed a solution to Wogenstahl in which Etix would compensate Further Festivals based on a comparison of aerial photography of the 2023 VOA to the inventory of paid ticketholders. See id. at ¶ 98. Wogenstahl agreed, and on October 12 and 16, 2023, he followed up on this proposal. See id. at ¶¶ 98–99. On October 16, 2023, Etix responded "that a proposal would be forthcoming to make Further Festivals whole." Id. at ¶ 89. On October 19, 2023, "Reklis pulled an about face" and told Wogenstahl that Etix had not done anything wrong and would not compensate Further Festivals for the duplicate tickets and parking passes. See id. at ¶¶ 101–03. On November 22, 2023, Further Festivals filed this action.

3

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [its] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context specific task that requires the reviewing court to draw on judicial experience and common sense." Iqbal, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not suffice. Id.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs.

4

Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." Id. (quotation omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

North Carolina law applies to Further Festivals's claims. Thus, this court must predict how the Supreme Court of North Carolina would rule on any disputed state-law issue. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co., 433 F.3d 365, 369 (4th Cir. 2005). First, the court looks to opinions of the Supreme Court of North Carolina. See Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing opinions from that court, this court may consider the opinions of North Carolina Court of Appeals, treatises, and "the practices of other states." Twin City Fire Ins. Co., 433 F.3d at 369 (quotation and citation omitted). In predicting how the highest court of a state would address an issue, this court must "follow the decision of an intermediate state appellate court unless there is persuasive data that the highest court would decide differently." Town of Nags Head v. Toloczko, 728 F.3d 391, 398 (4th Cir. 2013) (quotation omitted); see Hicks ex rel. Feiock v. Feiock, 485 U.S. 624, 630 & n.8 (1988). Moreover, in predicting how the highest court of a state would address an issue, this court "should not create or expand a [s]tate's public policy." Time Warner Ent.-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (alteration and quotation

5

omitted); see Day & Zimmermann, Inc. v. Challoner, 423 U.S. 3, 4 (1975) (per curiam); Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999).

To state a fraudulent inducement claim, a plaintiff must plausibly allege: "(1) representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Value Health Sols., Inc. v. Pharm. Rsch. Assocs., Inc., 385 N.C. 250, 264, 891 S.E.2d 100, 112 (2023) (quotation omitted); see Ragsdale v. Kennedy, 286 N.C. 130, 139, 209 S.E.2d 494, 500 (1974); Ward v. Fogel, 237 N.C. App. 570, 581, 768 S.E.2d 292, 301 (2014), disc. review denied, 368 N.C. 249, 771 S.E.2d 302 (2015); Media Network, Inc. v. Long Haymes Carr, Inc., 197 N.C. App. 433, 453, 678 S.E.2d 671, 684 (2009). A plaintiff must meet a heightened pleading standard by "specifying the time, place, and content of the [alleged] misrepresentation . . . [and] identify[ing] who made the misrepresentation." Value Health Sols., Inc., 385 N.C. at 264, 891 S.E.2d at 112; see Terry v. Terry, 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981); see also Fed. R. Civ. P. 9(b).

As for Further Festivals's claim that Etix fraudulently induced Further Festivals to enter the Agreement (count three), Further Festivals alleges Etix made a "reckless (or knowingly false) statement that purchase, transfer, and entry would be made simple . . . to deceive Further Festivals into entering the Agreement." Compl. ¶ 127; see id. at ¶¶ 23, 124 ("Further Festivals entered into the . . . Agreement in large part because Etix promised 'Optimized mobile ticketing' to 'make purchase, transfer, and entry simple' for the customer."); [D.E. 15] 20. Etix argues Further Festivals fails to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard and fails to plausibly allege Etix made a false representation of fact. See [D.E. 13] 11–14. Further Festivals responds that its allegations meet the heightened pleading standard, and Etix made a false

6

representation that caused damage to Further Festivals. See [D.E. 15] 18–21. Etix replies that its statements were mere puffery. See [D.E. 16] 6–7.

"[M]ere puffing" does not suffice to state a fraudulent inducement claim. Rowan Cnty. Bd. of Educ. v. U.S. Gypsum Co., 332 N.C. 1, 17, 418 S.E.2d 648, 659 (1992); see Glob. Hookah Distribs., Inc. v. Avior, Inc., 401 F. Supp. 3d 653, 660 (W.D.N.C. 2019). Puffing includes "exaggerated advertising, blustering, and boasting, . . . vague and general claims of superiority," and "indefinite statements of corporate optimism." Glob. Hookah Distribs., Inc., 401 F. Supp. 3d at 659 (cleaned up); see Verisign, Inc. v. XYZ.com LLC, 848 F.3d 292, 302–03 (4th Cir. 2017); Plymouth Cnty. Ret. Ass'n v. Primo Water Corp., 966 F. Supp. 2d 525, 544 (M.D.N.C. 2013). For example, courts have found representations to be mere puffery where the representations concerned craftsmen's "high level of knowledge and ability," an "expected annual growth rate," or an "unblemished" record. Glob. Hookah Distribs., Inc., 401 F. Supp. 3d at 659 (quotations omitted); see Raab v. Gen. Physics Corp., 4 F.3d 286, 289 (4th Cir. 1993); Solum v. Certainteed Corp., 147 F. Supp. 3d 404, 413 (E.D.N.C. 2015); Johnson v. Pozen Inc., No. 1:07CV599, 2009 WL 426235, at *22 (M.D.N.C. Feb. 19, 2009) (unpublished), report and recommendation adopted, 2009 WL 10680297 (M.D.N.C. Sept. 29, 2009) (unpublished). In contrast, courts have found "statements representing the exact number of units sold, the specific time the product would be introduced, or the existence of outside negotiations with specific firms" to be material representations. Glob. Hookah Distribs., Inc., 401 F. Supp. 3d at 659; see Dunn v. Borta, 369 F.3d 421, 431 (4th Cir. 2004).

Further Festivals alleges Etix made a false representation of material fact when Etix "promised . . . to 'make purchase, transfer, and entry simple' for the customer." Compl. ¶ 124; see id. at ¶¶ 121–30; [D.E. 15] 20–21. The statement that Etix's system is "simple," however,

7

"expresses nothing more than a general opinion, and thus cannot reasonably be relied upon." Solum, 147 F. Supp. 3d at 413 (collecting cases). Accordingly, Further Festivals fails to plausibly allege Etix made a misrepresentation of material fact.

In opposition to this conclusion, Further Festivals cites Ragsdale and contends that it "plead[s] statements more specific and more clearly tending to deceive than 'mere puffery.'" [D.E. 15] 20. In Ragsdale, the plaintiff represented that his business was a "gold mine" and a "going concern." Ragsdale, 286 N.C. at 138, 209 S.E.2d at 500. Defendants, however, alleged that the "plaintiff failed to disclose that during the period from 6 June 1972 to 22 November 1972 the corporation's cash funds decreased by $20,000.00; that plaintiff had borrowed for the corporation an additional $15,000.00; that the corporation's open account . . . increased by $10,000.00; that the corporation incurred a liability of $3,910.00 on a bank overdraft; that a corporate demand note had become delinquent . . . ; and that the . . . corporation could not pay its normal operating expenses." Id., 209 S.E.2d at 500. The court held that plaintiff's representations that his business was a "gold mine" and a "going concern" were actionable misrepresentations "as distinguished from a matter of opinion" because the plaintiff "had a peculiar knowledge of the facts." Id. at 139, 209 S.E.2d at 500.

Further Festivals fails to plausibly allege Etix had a "peculiar knowledge of the facts." Id., 209 S.E.2d at 500. Unlike in Ragsdale, Further Festivals does not allege any facts that Etix knew and withheld from Further Festivals concerning Etix's system. See id. at 138, 209 S.E.2d at 500 (listing the facts about plaintiff's business that he knew and withheld from defendants). Accordingly, the court dismisses Further Festivals's first fraudulent inducement claim.

Alternatively, Further Festivals fails to satisfy Rule 9(b)'s heightened pleading standard. Further Festivals alleges that "[a]t all relevant times, with respect to festivals, Etix promised

8

'Optimized mobile ticketing' to 'make purchase, transfer, and entry simple.'" Compl. ¶ 23. Further Festivals fails to plausibly allege the time, place, and speaker of this alleged misrepresentation. See Value Health Sols., Inc., 385 N.C. at 264, 891 S.E.2d at 112; Terry, 302 N.C. at 85, 273 S.E.2d at 678.[1] Further Festivals merely argues its complaint "put[s] Etix on notice of the claim against it" because "Etix has access to its own website and the very same emails that Further Festivals has." [D.E. 15] 18–19. Further Festivals's argument, if accepted, effectively invites the court to reduce Rule 9(b)'s heightened pleading standard to a notice pleading standard. The court declines the invitation to rewrite Rule 9(b). Thus, the court dismisses Further Festivals's first fraudulent inducement claim. See, e.g., Smithfield Bus. Park, LLC v. SLR Int'l Corp., No. 5:12-CV-282, 2014 WL 3738217, at *8 (E.D.N.C. July 29, 2014) (unpublished).

As for Further Festivals's second fraudulent inducement claim, Further Festivals alleges Etix fraudulently induced Further Festivals to remain in the Agreement after Etix breached (count five). See Compl. ¶¶ 138–47. Further Festivals alleges that Reklis, on behalf of Etix, told Further Festivals in an August 4, 2023 email that Etix would "make it right." Id. at ¶ 140. Further Festivals alleges it relied on this statement "in electing to not remove itself from the . . . Agreement immediately after the catastrophic errors." Id. at ¶ 142; see [D.E. 15] 28. Etix contends that Further Festivals fails to meet Rule 9(b)'s heightened pleading standard and fails to plausibly allege a false representation and damages. See [D.E. 13] 17–21. Further Festivals responds that its allegations meet the heightened pleading standard and include false representations and

---

[1] Elsewhere in the complaint, Further Festivals alleges that on August 4, 2023, Reklis wrote some allegedly fraudulent statements in an email to Further Festivals. See Compl. ¶¶ 140–44; [D.E. 15] 15–16. Further Festivals does not connect those statements or factual details to its first fraudulent inducement claim. See Compl. ¶¶ 121–30.

9

damages. See [D.E. 15] 27–30. Etix replies that Further Festivals fails to plausibly allege Etix made any statement with no intention to fulfill its promises. See [D.E. 16] 10–11.

To state a claim for fraud based on an unfulfilled promise, a plaintiff "must allege with sufficient particularity facts from which legal fraud arises or . . . specifically alleges the fraud—that is, the fraudulent intent—and particularizes the acts complained of as fraudulent." Liris S.A. v. Morris & Assocs., Inc., 496 F. Supp. 3d 931, 938 (E.D.N.C. 2020) (quotation omitted); see Hoyle v. Bagby, 253 N.C. 778, 781, 117 S.E.2d 760, 762 (1961). "To be fraudulent[,] the intent not to perform must have existed in the defendant's mind at the time he made the promise which induced the plaintiff to act." Liris S.A., 496 F. Supp. 3d at 938 (cleaned up); see Draughon v. Smith, No. 7:21-CV-101, 2021 WL 4927981, at *6 (E.D.N.C. Oct. 21, 2021) (unpublished).

Further Festivals plausibly alleges that Reklis, on behalf of Etix, made a promise to Further Festivals on August 4, 2023, and Further Festivals alleges the content of that promise. See Compl. ¶ 140. Further Festivals alleges Reklis made that promise "with the intent to deceive." Id. at ¶ 14; see Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge and other conditions of a person's mind may be alleged generally."). Further Festivals, however, also alleges that on September 25, 2023, Reklis and Garza proposed to compensate Further Festivals by comparing aerial photography to the inventory of paid ticketholders. See Compl. ¶ 98. On October 16, 2023, Etix assured Further Festivals "a proposal would be forthcoming." Id. at ¶ 89. On October 19, 2023, "Reklis pulled an about face" and told Wogenstahl "that Etix did not intend to compensate Further Festivals further for the damages Further Festivals suffered because of Etix's failures." Id. at ¶¶ 101–02.

Further Festivals's allegations do "not permit an inference of fraudulent intent or knowledge at the time the contract was formed." Great Am. Emu Co. v. E.J. McKernan Co., 509 F. Supp. 3d 528, 539 (E.D.N.C. 2020). "Rather, they are evidence only of a promise which is not

10

fulfilled, or proof of nonperformance." Id. (quotations omitted); see Britt v. Britt, 320 N.C. 573, 579–80, 359 S.E.2d 467, 471 (1987), overruled on other grounds by Myers & Chapman, Inc. v. Thomas G. Evans, Inc., 323 N.C. 559, 374 S.E.2d 385 (1988). Accordingly, Further Festivals's general allegation of Etix's fraudulent intent is implausible. Thus, the court dismisses Further Festivals's second fraudulent inducement claim. See, e.g., Liris S.A., 496 F. Supp. 3d at 939–40.

As for Further Festivals's negligence claim, under North Carolina law, "[n]egligence is the failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them." Dunning v. Forsyth Warehouse Co., 272 N.C. 723, 725, 158 S.E.2d 893, 895 (1968); see Moore v. Moore, 268 N.C. 110, 112, 150 S.E.2d 75, 77 (1966); Coulter v. Catawba Cnty. Bd. of Educ., 189 N.C. App. 183, 185, 657 S.E.2d 428, 430 (2008). To state an actionable negligence claim, a plaintiff must plausibly allege that "(1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury." Whisnant v. Carolina Farm Credit, 204 N.C. App. 84, 93–94, 693 S.E.2d 149, 156 (2010) (quotation omitted); see Ward v. Carmona, 368 N.C. 35, 37, 770 S.E.2d 70, 72 (2015); Bridges v. Parrish, 366 N.C. 539, 541, 742 S.E.2d 794, 796 (2013); Fussell v. N.C. Farm Bureau Mut. Ins. Co., 364 N.C. 222, 226, 695 S.E.2d 437, 440 (2010).

Etix argues that the economic loss rule bars Further Festivals's negligence claim. See [D.E. 13] 5–6. Etix also argues Further Festivals fails to plausibly allege damages. See id. at 6. Further Festivals responds that the economic loss rule does not apply to a contract that was fraudulently induced, and that it plausibly alleges $1,463,571 in damages caused by Etix giving away tickets and parking passes. See [D.E. 15] 10–13. Etix replies that Further Festivals fails to plausibly

11

allege fraudulent inducement, and, in any event, the economic loss rule applies to a contract that was allegedly fraudulently induced. See [D.E. 16] 2–4.

As discussed, Further Festivals fails to plausibly allege either of its fraudulent inducement claims. Thus, the court need not decide whether the economic loss rule applies to a contract that was allegedly fraudulently induced.

The economic loss rule addresses the intersection between contract remedies (including warranty remedies) and tort remedies. See Kelly v. Ga.-Pac., LLC, 671 F. Supp. 2d 785, 791 (E.D.N.C. 2009). "Ordinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor." N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81, 240 S.E.2d 345, 350 (1978), rejected in part on other grounds by Trs. of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs., Inc., 313 N.C. 230, 328 S.E.2d 274 (1985); Braswell Egg Co. v. Poultry Mgmt. Sys., Inc., 481 F. Supp. 3d 528, 542 (E.D.N.C. 2020); Gen. Cas. Co. of Wis. v. Murphy-Hoffman Co., No. 5:20-CV-376, 2020 WL 6173547, at *2 (E.D.N.C. Oct. 21, 2020) (unpublished); CDI Corp. v. HCL Am., Inc., No. 5:17-CV-550, 2019 WL 1083775, at *3 (E.D.N.C. Mar. 7, 2019) (unpublished); Wilkins v. Wachovia Corp., No. 5:10-CV-249, 2011 WL 1134706, at *2 (E.D.N.C. Mar. 24, 2011) (unpublished). The economic loss rule recognizes that "parties to a contract do not thereby become each others' fiduciaries; therefore, they generally owe no special duty to one another beyond the terms of the contract." Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 347 (4th Cir. 1998) (cleaned up); see Branch Banking & Tr. Co. v. Thompson, 107 N.C. App. 53, 61, 418 S.E.2d 694, 699 (1992).

To pursue a tort claim and a breach of contract claim concerning the same conduct, "a plaintiff must allege a duty owed him by the defendant separate and distinct from any duty owed under a contract." Kelly, 671 F. Supp. 2d at 791 (quotation omitted); see Broussard, 155 F.3d at

12

346; Strum v. Exxon Co., 15 F.3d 327, 330–31 (4th Cir. 1994); Vanwyk Textile Sys., B.V. v. Zimmer Mach. Am., Inc., 994 F. Supp. 350, 362 (W.D.N.C. 1997); Paine, Webber, Jackson & Curtis, Inc. v. Stanley, 60 N.C. App. 511, 516–17, 299 S.E.2d 292, 295–96 (1983). North Carolina courts have "carefully circumscribed" this independent duty requirement. Strum, 15 F.3d at 331. In so doing, North Carolina courts have strived to keep tort and contract law within their separate spheres. Cf. E. River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 871 (1986). Accordingly, North Carolina courts have developed (and the Fourth Circuit has applied) the economic loss rule, which prohibits recovery for purely economic loss in tort when a contract, a warranty, or the UCC operates to allocate risk. See, e.g., 2000 Watermark Ass'n v. Celotex Corp., 784 F.2d 1183, 1186 (1986) (applying South Carolina law); Wilson v. Dryvit Sys., Inc., 206 F. Supp. 2d 749, 753–54 (E.D.N.C. 2002) (applying North Carolina law); Oates v. JAG, Inc., 314 N.C. 276, 277, 333 S.E.2d 222, 223–24 (1985); N.C. State Ports Auth., 294 N.C. at 81, 240 S.E.2d at 350. A loss falls within this rule when the only alleged damage or injury is to the product itself and not to any person or separate property. See B & B Crane Serv., LLC v. Dragados USA, Inc., No. 7:19-CV-98, 2019 WL 5295731, at *4 (E.D.N.C. Oct. 18, 2019) (unpublished); Kelly, 671 F. Supp. 2d at 791; Wilson, 206 F. Supp. 2d at 753.

Further Festivals alleges Etix had a duty to "sell tickets, and then provide sold tickets to the paying customers." Compl. ¶ 106. Etix allegedly breached this duty by delivering 5,134 tickets and 1,857 parking passes to the public without payment. See id. at ¶ 107. Further Festivals alleges an identical duty and breach concerning its breach of contract claim. See id. at ¶¶ 132–35; see also [D.E. 13-1] 5 (the Agreement).[2] Absent independently tortious conduct, Further Festivals's

---

[2] The court may consider the Agreement, which Etix filed, because it is integral to Further Festivals's complaint and the parties do not dispute its authenticity. See Goines, 822 F.3d at 166.

13

negligence claim fails. See, e.g., Strum, 15 F.3d at 332–33. Accordingly, the court dismisses Further Festivals's negligence claim.

As for Further Festivals's unfair or deceptive trade practice ("UDTPA") claim, to state a UDTPA claim, a plaintiff must plausibly allege: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to the plaintiff. See Barbour v. Fid. Life Ass'n, 361 F. Supp. 3d 565, 573 (E.D.N.C. 2019); Kelly, 671 F. Supp. 2d at 798; SciGrip, Inc. v. Osae, 373 N.C. 409, 426, 838 S.E.2d 334, 347 (2020); Walker v. Fleetwood Homes of N.C., Inc., 362 N.C. 63, 71–72, 653 S.E.2d 393, 399 (2007). "[W]hether an act or practice is an unfair or deceptive practice . . . is a question of law for the court." Gray v. N.C. Ins. Underwriting Ass'n, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000); see ABT Bldg. Prods. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 472 F.3d 99, 123 (4th Cir. 2006). "[A] practice is deceptive if it has the tendency to deceive. . . . [A] practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Gray, 352 N.C. at 68, 529 S.E.2d at 681 (quotation omitted); see Marshall v. Miller, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981).

A "mere breach of contract, even if intentional, is not an unfair or deceptive act." Waddell v. U.S. Bank Nat'l Ass'n, 395 F. Supp. 3d 676, 684–85 (E.D.N.C. 2019) (collecting cases); see PCS Phosphate Co. v. Norfolk S. Corp., 559 F.3d 212, 224 (4th Cir. 2009); Respess v. Crop Prod. Servs., Inc., No. 4:15-CV-176, 2016 WL 3821163, at *5 (E.D.N.C. July 13, 2016) (unpublished); SciGrip, 373 N.C. at 427, 838 S.E.2d at 347; Bob Timberlake Collection, Inc. v. Edwards, 176 N.C. App. 33, 42, 626 S.E.2d 315, 323 (2006); Mitchell v. Linville, 148 N.C. App. 71, 75, 557 S.E.2d 620, 623–24 (2001); Branch Banking & Tr. Co., 107 N.C. App. at 61–62, 418 S.E.2d at 700. To state a UDTPA claim based on a breach of contract, a plaintiff must plausibly allege

14

"substantial aggravating circumstances." Broussard, 155 F.3d at 347 (citation omitted). Generally, substantial aggravating circumstances include some element of deception, such as forged documents, lies, or fraudulent inducements. See Stack v. Abbott Lab'ys, Inc., 979 F. Supp. 2d 658, 668 (M.D.N.C. 2013); Kerry Bodenhamer Farms, LLC v. Nature's Pearl Corp., No. 16 CVS 217, 2017 WL 1148793, at *7 (N.C. Super. Ct. Mar. 27, 2017) (unpublished).

Further Festivals alleges that Etix issued tickets and parking passes to the public without requiring payment and "intentionally engaged in deceptive conduct to prevent Further Festivals from terminating the ... Agreement between the companies." Compl. ¶¶ 114–15. As discussed, Further Festivals fails to plausibly allege fraudulent or deceptive conduct intended to keep Further Festivals in the Agreement. Cf. id. at ¶¶ 89, 98, 101–02. Accordingly, Further Festivals fails to plausibly allege "substantial aggravating circumstances" accompanying an alleged breach of contract. Broussard, 155 F.3d at 347. Thus, the court dismisses Further Festivals's UDTPA claim. See, e.g., id.; Waddell, 395 F. Supp. 3d at 685.

As for Further Festivals's breach of contract claim, to withstand a motion to dismiss for failure to state a claim, a plaintiff must plausibly allege "(1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000); see Edwards v. Genex Coop., Inc., 777 F. App'x 613, 624 (4th Cir. 2019) (per curiam) (unpublished); Kasparov, PTE LTD v. Zacherl, No. 5:22-CV-503, 2023 WL 4752376, at *7 (E.D.N.C. July 25, 2023) (unpublished); Wells Fargo Ins. Servs. USA, Inc. v. Link, 372 N.C. 260, 276, 827 S.E.2d 458, 472 (2019) (per curiam); Montessori Children's House of Durham v. Blizzard, 244 N.C. App. 633, 636, 781 S.E.2d 511, 514 (2016); Jackson v. Cal. Hardwood Co., 120 N.C. App. 870, 871, 463 S.E.2d 571, 572 (1995).

15

Etix contends Further Festivals fails to plausibly allege the specific contractual provisions that Etix breached and damages. See [D.E. 13] 14–17. Etix also argues that it "adequately disclaimed all express and implied warranties in the" Agreement. Id. at 14; see id. at 15. Further Festivals responds that it adequately pleaded breach of an existing contract and damages (including reputational damages), even though damages are "not a required element under North Carolina law." [D.E. 15] 24; see id. at 21–27. Further Festivals also responds that the Agreement's warranty provisions are irrelevant. See id. at 27. Etix replies that Further Festivals fails to plausibly allege any theory of damages and fails to identify the provision of the Agreement that Etix allegedly breached. See [D.E. 16] 7–10. Etix also argues that North Carolina law forecloses Further Festivals's ability to claim reputational damages for a breach of contract claim. See id. at 9.

Further Festivals plausibly alleges the existence of the Agreement. See Compl. ¶¶ 28–36; [D.E. 13-1]. Further Festivals also plausibly alleges Etix breached the Agreement by "sending duplicate ticket orders and parking passes to nonpaying customers while also failing to provide tickets and parking passes to paying customers." Compl. ¶ 39; see also [D.E. 13-1] 5 (granting "Etix the exclusive right and authority to sell . . . all available Tickets through the System"). At this stage of the case, the court rejects Etix's argument concerning damages because "[d]amages are not an element of breach of contract in North Carolina." Shell Trademark Mgmt. BV & Motiva Enters., LLC v. Ray Thomas Petroleum Co., 642 F. Supp. 2d 493, 504 (W.D.N.C. 2009). Moreover, Further Festivals does not allege breach of warranty. Thus, Etix's arguments about its warranty disclaimer do not help Etix. See, e.g., F.E. Morgan, Inc. v. Johnson Controls, Inc., ___ F. Supp. 3d ___, 2023 WL 6519975, at *3–11 (N.D. Ill. Oct. 5, 2023) (dismissing breach of implied warranty claims because of a warranty disclaimer but declining to dismiss a breach of contract claim). Accordingly, the court declines to dismiss Further Festivals's breach of contract claim.

16

III.

In sum, the court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss [D.E. 12] and DISMISSES plaintiff's fraudulent inducement, UDTPA, and negligence claims. The parties SHALL engage in a court-hosted mediation with United States Magistrate Judge Brian S. Meyers.

SO ORDERED. This 9 day of April, 2024.

JAMES C. DEVER III
United States District Judge

17

Case 5:23-cv-00676-D-BM   Document 17   Filed 04/09/24   Page 17 of 17